IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 4:21-CR-00014-CDL |
| CATHY LOWE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | )_____ | |

## **ORDER AMENDING THE CONDITIONS OF THE PROTECTIVE ORDER**

On January 10, 2023, Defendant Cathy Lowe filed a Motion to Compel the production of documents, Doc. No. 43, pursuant to a November 28, 2022, subpoena to the Internal Revenue Service seeking certain tax records relating to those individuals identified in the Indictment. Doc. No. 1. On January 25, 2023, this Court held a pretrial conference during which time this Court heard from the parties on the matter of the Motion to Compel.

During the hearing, concerns were raised as to the release of the personal information related to those witnesses to this matter identified within Ms. Lowe's November 28, 2022, subpoena.  While Magistrate Judge Stephen Hyles entered a protective order in this matter on April 22, 2021, Doc. No. 8, the Government does not believe that the terms of the protective order are sufficient to adequately protect the personal information sought via the subpoena.  The parties have agreed to modify the protective order such that, pursuant to Rule 16(d) of the Federal Rules of

Criminal Procedure, the production responsive to the subpoena shall be subject to the following:

1. Counsel for Ms. Lowe may share the subpoenaed information only with counsel's support staff or experts working with counsel (hereafter, the "Defense Team") to the extent necessary to provide a defense in this case, including any direct appeal.

2. Counsel for Ms. Lowe, prior to sharing any subpoenaed information with any member of the Defense Team, shall inform that person about the limitations set forth in this Order. Prior to sharing any subpoenaed information with any expert retained by Ms. Lowe, any expert must sign a written acknowledgement that he or she has received the order and will be bound by it.

3. Counsel for Ms. Lowe shall not share the subpoenaed information with Ms. Lowe without first obtaining approval from the Court.

4. Should Ms. Lowe wish to attach any subpoenaed information to any pleadings filed with the Court, that subpoenaed information shall be filed under seal.

5. If counsel for Ms. Lowe desires to disclose any subpoenaed information or make available or communicate the content of such subpoenaed information to any other person not described in this Order they must seek relief from the Court.

6. This Order solely governs Ms. Lowe and the Defense Team's use of discovery specifically produced or made available to Ms. Lowe pursuant to this

Order. This Order does not limit Ms. Lowes and Defense Team's use of documents that they might already possess prior to receiving discovery or might obtain through other means.

7. This Order shall survive the final termination of this case, including any direct appeal. Upon termination of this case and any direct appeal or other proceeding relating to the criminal action, counsel for Ms. Lowe shall return all copies of the subpoenaed information to the entity producing the subpoenaed information or counsel for the Government, or shall certify that said discovery has been destroyed.

This Court finds these conditions to be reasonable, and appropriate for the protection of the sensitive information of the witnesses, and as such, and for good cause shown:

IT IS HEREBY ORDERED that all materials made available to Ms. Lowe pursuant to this Court's Order Compelling the Internal Revenue Service to provide counsel for Ms. Lowe with all documents in its custody and control which are responsive to Ms. Lowe's November 28, 2022 Subpoena within fourteen (14) days of the issuance of this Order shall be subject to the following conditions:

1. Counsel for Ms. Lowe may share the subpoenaed information only with counsel's support staff or experts working with counsel (hereafter, the "Defense Team") to the extent necessary to provide a defense in this case, including any direct

appeal.

2. Counsel for Ms. Lowe, prior to sharing any subpoenaed information with any member of the Defense Team, shall inform that person about the limitations set forth in this Order. Prior to sharing any subpoenaed information with any expert retained by Ms. Lowe, any expert must sign a written acknowledgement that he or she has received the order and will be bound by it.

3. Counsel for Ms. Lowe shall not share the subpoenaed information with Ms. Lowe without first obtaining approval from the Court.

4. Should Ms. Lowe wish to attach any subpoenaed information to any pleadings filed with the Court, that subpoenaed information shall be filed under seal.

5. If counsel for Ms. Lowe desires to disclose any subpoenaed information or make available or communicate the content of such subpoenaed information to any other person not described in this Order they must seek relief from the Court.

6. This Order solely governs Ms. Lowe and the Defense Team's use of discovery specifically produced or made available to Ms. Lowe pursuant to this Order. This Order does not limit Ms. Lowes and Defense Team's use of documents that they might already possess prior to receiving discovery or might obtain through other means.

7. This Order shall survive the final termination of this case, including any direct appeal. Upon termination of this case and any direct appeal or other

proceeding relating to the criminal action, counsel for Ms. Lowe shall return all copies of the subpoenaed information to the entity producing the subpoenaed information or counsel for the Government, or shall certify that said discovery has been destroyed.

SO ORDERED, this **26th** day of **January, 2023**.

S/Clay D. Land
Hon. Clay D. Land, U.S. District Judge